## LEE WOODS *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW AND PROCEDURE. *Indictment. Murder.*

   An indictment for murder against two persons is not demurrable because it charges that defendants "each of his malice aforethought did then and there kill and murder" the decedent, and such averment does not show that it was error to charge both persons in one and the same indictment.

· 2. SAME. *Instruction.* ·

   An instruction in a murder case which ignores defendant's intent in killing the deceased and in effect directs the jury to convict of manslaughter, unless they convict him of murder, is erroneous.

FROM the circuit court of Leflore county.

HON. FRANK E. LARKIN, Judge.

Woods, the appellant, and one Wiley Short were jointly indicted by the grand jury of Leflore county for the murder of one Henry Hog. Upon trial, Short was acquitted, but appellant was convicted of manslaughter, and appealed to the supreme court. The facts are stated in the opinion of the court.

*Coleman & Ray,* for appellant.

When it is charged that each of two defendants of his malice aforethought did the killing, it was error to embrace them both in the same indictment.

The fifth instruction for the state is fatally defective and erroneous; first, it is upon the weight of evidence since it singles out a certain line of testimony and charged the jury to convict on that, contrary to what this court has said in *Jackson* v. *State,* 66 Miss., 89, and numerous other cases since then; and second, said instruction leaves out the question whether the killing was done in necessary self-defense. *Johnson* v. *State,* 66 Miss., 189.

*Monroe McClurg*, attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

The appellant, being convicted of manslaughter and sentenced to the penitentiary appeals, and assigns several errors in the proceedings against him. He demurred to the indictment, which was overruled, and of that he complains.

The indictment in proper form in other respects, alleges: "That Lee Woods and Wiley Short in said county, on the 30th day of June 1902, willfully, feloniously and each, of his malice aforethought, did then and there kill and murder Henry Hog, against, etc." The defect in the indictment pointed out in the assignment and brief of appellant is "that when it is charged that each of his malice aforethought did the killing, it was error to include them both in the same indictment."

The objection to the indictment, in our opinion, is rather critical and technical than substantial. The defect, if admitted, does not render the indictment void; because it has long been established, that *mala gramatica non vitiat chartem*, when the meaning is apparent.

The third and fourth instructions for the state are assigned for error. As we must reverse the judgment for another cause, it is unimportant that we pass upon these grounds as it cannot arise upon a future trial; the acquittal of Short having made them inappropriate in the further consideration of the case.

Another instruction assailed as error, is as follows: "Instruction No. 5. The court instructs the jury that if they believe from the evidence beyond a reasonable doubt, that Henry Hog shot the sister of defendant as shown by the testimony and that defendant then accosted deceased with the remark 'damn you, you have shot my sister,' or similar words, at the same time presenting his rifle as if about to shoot Hog and that Hog then raised his pistol and wheeled and defendant then shot and killed deceased, they will find him guilty as charged unless

they believe him guilty of manslaughter." In our opinion the instruction is erroneous. It in effect directs a verdict for manslaughter, unless the jury should convict of murder. And this direction to find appellant guilty of manslaughter is not left to the discretion of the jury ; nor is it made dependent upon the intention of Woods in shooting; nor upon the condition whether he shot in self-defense or not. It is too bare of acts and their connection with each other and of the intent in doing them to be a safe guide to the jury.

If epitomized it is as if it said: If Hog raised his pistol and wheeled, and Woods presented his rifle and fired and killed Hog, you must find him guilty of murder or at least of manslaughter. It does not commend itself to our conscience or judgment.

*Reversed and remanded.*